REGAN, Judge.
The plaintiff, Benoit Schexneydre, instituted this suit against the defendant, Travelers Insurance Company, the liability insurer of Boh Brothers Construction Company, endeavoring to recover the sum of of $16,467.00, representing damages for injuries resulting from an accident occurring in the Michoud Steam Electric Station of the New Orleans Public Service, Inc., where the plaintiff stepped into an unmarked hole *720 in a concrete pit which was being prepared for the installation of a condensate pump.
The defendant answered and explained therein that its insured had completed its work in connection with the pump facility several months prior to the occurrence of the accident, and that control of the area was in someone other than Boh Brothers Construction Company, Inc., when the plaintiff was injured.[1]
From a judgment in favor of the defendant dismissing the plaintiff’s suit, he has prosecuted this appeal.
The record reveals that the plaintiff was employed as a steamfitter-welder by the Grinnel Corporation, a subcontractor of United Engineers, the general contractor, for the construction of a condensate or “sump” pump for the New Orleans Public Service, Inc., at the Michoud Missile Plant, in New Orleans. Boh Brothers Construction Company, also a sub-contractor, had done the concrete work in the condensate pump pit prior to the occurrence of the plaintiff’s accident.
On April 24, 1962, the plaintiff entered the pit and stepped into a hole which had been bored in the bottom thereof. The hole had been covered with a sheet of plastic material to prevent the sand therein from becoming wet; however, there were no barricades or other safety devices to attract one’s attention to the hole’s existence. In any event, the plaintiff asserted that he sustained serious personal injuries as a result of falling into the hole, and filed this suit against Travelers Insurance Company predicated upon the hypothesis that its insured, Boh Brothers Construction Company, was responsible for the creation of a trap which formed the proximate cause of his accident.
No useful purpose would be served by a dissection of the testimony of the various witnesses who appeared herein. Suffice it to say that the record reveals conclusively that the defendant’s insured had terminated its work on the condensate pump pit at least two or three months prior to the occurrence of the accident. Since the defendant’s insured had surrendered control of the pit and was no longer responsible for the maintenance of safety precautions therein, it owed no duty to the defendant with respect to the condition of the pump hole. Therefore, the trial judge vei'y properly dismissed the plaintiff’s suit.
Counsel for the plaintiff finally insists that the lower court erred in denying his application for a new trial, which was predicated upon newly discovered evidence. The record reflects that the plaintiff’s motion was not timely filed. The case was tried on April 20, 1964, and judgment was rendered and signed on the same date. However, the motion for a new trial was not filed until May 4, 1964, or approximately fourteen days after rendition of the judgment. Thus, the motion was filed long after the final day provided therefor by the LSA-Code of Civil Procedure.[2]
For the foregoing reasons the judgment of the lower court is affirmed. The plaintiff is to pay all costs hereof.
Affirmed.

. Liberty Mutual Insurance Company, the workmen’s compensation insurer of the Grinnel Corporation, the plaintiff’s employer, intervened and requested indemnification for workmen’s compensation benefits and medical payments made to the plaintiff in the amount of $312.09.

. “Art. 1974.
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk had mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” As amended Acts 1961, No. 23, Section 1.